UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANE PATRIC GEE,

      Plaintiff

v.

G. BRYAN, et. al.,

      Defendants

Case No. 2:17-cv-02148-JAD-VCF

**Order Dismissing Action
and Closing Case**

  This is a *pro se* civil rights action under 42 U.S.C. § 1983 by a former state prisoner. On April 17, 2019, this Court issued an order denying the application to proceed *in forma pauperis* for prisoners as moot because plaintiff is no longer incarcerated.[1] The Court ordered him to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400 by May 17, 2019.[2] That deadline expired without plaintiff filing an application to proceed *in forma pauperis* for non-prisoners, paying the full filing fee, or otherwise responding to the order.

  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to

---

[1] ECF No. 22 at 2.

[2] *Id.*

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[7] The Court's order requiring plaintiff to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee by May 17, 2019, expressly stated: "It is further ordered that, if Plaintiff fails to timely file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400, the Court will dismiss this case with prejudice."[8] Thus, plaintiff had adequate warning that his failure to timely pay the fee or submit a completed application would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on plaintiff's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this Court's order.

---

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] **Error! Main Document Only.***Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 4 at 8.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: May 31, 2019

_____
Jennifer Dorsey, United States District Judge